JAMES MEEHAN, APPELLANT, v. THE HARLEM SAVINGS
BANK, RESPONDENT.

*Answer — denials in — when sufficient — Code, § 149.*

5h    439
71 AD ¹393

Where defendants in their answer " say that they have no knowledge or informa-
tion sufficient to form a belief," etc., and " aver the truth to be that they are
entirely ignorant and uninformed, and have not any knowledge or information
sufficient to form a belief," etc., the answer is sufficient in form to put in
issue the facts so denied.

APPEAL from an order denying a motion made to strike out por-
tions of the answer, as defective, irrelevant, redundant, immaterial,
and frivolous.

*James A. Deering,* for the appellant.

*Ira A. Warren,* for the respondent.

DANIELS, J.:

The action was for money deposited in the Harlem Savings
Bank, in the name of and to the credit of the plaintiff's wife. It
was averred in the complaint that she had money on deposit in the
bank to her credit before her marriage, and soon afterward drew it
out. That after her marriage the plaintiff gave her small sums of
money for safe keeping, which were the proceeds of his earnings,
and that she had deposited the same in her own name with the
defendant. The answer admitted the balance claimed to be on
deposit, as alleged in the complaint, but denied that the plaintiff's
wife had drawn out the account existing in her favor at the time
of her marriage, or that the plaintiff had delivered money to her
for safe keeping, which was the proceeds of his earnings. These
denials were, in form, that the defendants " say that they have no
knowledge or information sufficient to form a belief as to the truth
of," etc., and "aver the truth to be that they are entirely ignorant
and uninformed, and have not any knowledge or information
sufficient to form a belief, whether or not," etc. And quite an
array of authorities have been cited for the purpose of showing
the insufficiency of this form of pleading. But neither of them
supports that conclusion.

In *Elton* v. *Markham* (20 Barb., 344) the denial which was held insufficient was, that the defendant " is not informed and cannot state," etc. *Otis* v. *Ross* (8 How., 193) merely holds that both a general and specific denial should not be allowed. In *Sayre* v. *Cushing* (7 Abb., 371) the denial held bad, was, that the defendant " does not know of his information or otherwise," etc. And in *Young* v. *Catlett* (6 Duer, 437) the defect consisted in grouping and denying certain specific allegations together.

In the present case the denials are explicitly made of knowledge or information sufficient to form a belief of the truth of the specific allegations afterward mentioned. And that is sufficient to conform to what the Code has required, although in one instance it is preceded by the additional statement that they are entirely ignorant and uninformed. That did not render the denial, when it was afterward made, any less effectual. And that it was sufficient in each instance, follows from what the Code has required in this respect. It is not that the term, denies, or denial, may be made use of in the pleading, but simply that there shall be, when that form may be the one adopted, a denial in fact of any knowledge or information thereof sufficient to form a belief. (Code, § 149.) And that was the effect of the denials contained in this answer. There can be no essential difference between the statement that the defendant has not any knowledge, etc., and the one made that it had no knowledge, etc., for the latter, equally with the former, is a denial of the existence, on the part of the defendant, of any knowledge or information sufficient to form a belief. The fact that the denial may be coupled with a further statement of the state of the defendant's information, cannot be important, as long as the form prescribed by the Code may also be directly complied with. And that was done by the form given to the last denial of the answer. (*Elton* v. *Markham*, 20 Barb., 344, 348, 349 ; *Flood* v. *Reynolds*, 13 How., 112.)

The effect of these denials was to put in issue the plaintiff's right to the money ; and if well founded, which can only be now determined by a trial, then the money sued for was the property of the plaintiff's wife, and subject to the rights and claims of her creditors.

The answer, then, contained a statement that proceedings supple-

mentary to execution had been taken upon a judgment against her, and a receiver of her property appointed, who claimed the money on deposit, for the recovery of which this action was brought. It was further alleged that the defendant had been enjoined not to pay over the money, and that the plaintiff had notice of the orders made in the proceedings. If the averment had been made in the defense designed to have been alleged in this part of the answer, that the plaintiff's wife owned the money, it would have been entirely complete. But it should not be stricken out for that defect, as long as the fact itself has been put in issue by the portions of the answer denying the plaintiff's title to the money. If it does not belong to him, it follows that it was hers, and liable for the payment of her debts. Taken together the answer discloses a complete defense. If more was in some respects alleged than was required, the plaintiff was in no just sense prejudiced by the excess. The motion should not have been made, and it was very properly denied.

The order should be affirmed, with ten dollars costs in addition to disbursements.

Davis, P. J., and Brady, J., concurred.

Ordered accordingly.